DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, finding appellant to be a delinquent child and revoking his probation. It comes before the court on counsel's motion to withdraw as counsel on appeal, and the Anders brief in support thereof.
On January 30, 1996, appellant, Antonio W., admitted to burglary, a violation of R.C. 2911.12 and a felony of the second degree. On disposition, he was committed to the Department of Youth Services ("DYS") for a minimum of one year to age twenty-one. The court stayed that commitment, and placed appellant on probation.
Appellant was arrested for violating his probation following a show cause motion filed by his probation officer. On April 22, 1999, the court found appellant to be delinquent, revoked his probation, and reinstated his commitment to DYS. On September 27, 1999, this court granted appellant's motion for leave to file a delayed appeal, and appointed counsel.
Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal, pursuant to Anders v. California
(1967), 386 U.S. 738. In support of her request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record she was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth any information in the record which might arguably support an appeal, and furnish a copy of the brief and motion to appellant. Id. at 744. Counsel has met these requirements. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignment of error:
 "WHETHER THE TRIAL COURT'S REVOCATION OF APPELLANT'S PROBATION WAS IN CONTRAVENTION OF HIS CONSTITUTIONAL RIGHTS."
Juvenile probation revocation hearings are governed by Rule 35(B) of the Ohio Rules of Juvenile Procedure, which states:
 "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which
revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."
In addition to these rights, In re Gault provides juveniles facing possible commitment in a state institution with certain elements of due process and fair treatment provided to adult criminal defendants. In re Gault (1967), 387 U.S. 1.
The transcript of the probation hearing shows that the juvenile court clearly informed appellant of his rights as enumerated in Juv.R. 34(B) and In re Gault. At the hearing, the court apprised appellant of his rights, including his right to counsel, his right to a trial and confrontation, and his right against self-incrimination. Appellant, appearing before the court with his custodial aunt, waived these rights and admitted to violating his curfew, obstructing official business, giving false information, and two counts of violating a safe school ordinance. Following each admission, the court instructed appellant and his aunt to sign documentation of the waiver, and then engaged appellant in a discussion to establish that appellant entered his admissions knowingly, intelligently, and of his own free will and volition. Appellant was given the opportunity to make a statement at the conclusion of the hearing, but he did not. Based on the foregoing, appellant's constitutional rights were not violated, and the revocation of probation was properly imposed.
Pursuant to Anders, supra, this court reviewed the record independently to determine that (1) appellate counsel has made a diligent, thorough, and sound effort, and (2) the proceedings below were free from prejudicial error and conducted without infringing appellant's constitutional rights. Our thorough and independent review of the record in this case fails to demonstrate any arguable issues for appellate review. Appellant's potential assignment of error is found not well-taken.
Therefore, this court finds the issues raised in theAnders brief to be without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is granted.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
 _____________________ Melvin L. Resnick, J.
James R. Sherck, J., Mark L. Pietrykowski, J., Concur.